UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SYDNEY McVOY and
MICHELLE KETTLEWELL,

      Plaintiffs,                               Hon. Janet T. Neff

v.                                              Case No. 1:17-cv-447

DEUTSCHE BANK NATIONAL
TRUST COMPANY, et al.,

      Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on <u>Defendants' Motion to Dismiss</u>, (ECF No. 19), and <u>Defendants' Motion to Dismiss</u>, (ECF No. 22). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motions be **granted** and this action **terminated**.

## BACKGROUND

On or about May 7, 2007, Robert McVoy purchased from Deutsch Bank National Trust Company, at foreclosure auction, a parcel of real estate commonly known as 7811 36th Street SE, Ada, Michigan. (ECF No. 1 at ¶¶ 175-76; ECF No. 33-3 at PageID.302). Robert and Sydney McVoy subsequently borrowed, in two separate transactions, two hundred thirty-five thousand dollars ($235,000.00) in return for which the pair executed two mortgages on the property in question. (ECF No. 1 at ¶¶ 184, 186; ECF 33-4 at PageID.304-27). On or about May 24, 2007, Robert and Sydney McVoy sold the property to their daughter, Michelle Kettlewell, pursuant to a land contract. (ECF No. 1 at ¶¶ 186; ECF No. 33-3 at PageID.303).

On or about September 29, 2009, Robert and Sydney McVoy borrowed one hundred eighty-six thousand, four hundred dollars ($186,400.00) from Bank of America, N.A. in return for which the pair executed a mortgage on the aforementioned property.[1]  (ECF No. 1 at ¶ 188; ECF No. 33-6 at PageID.327-38).   This mortgage was assigned to Green Tree Servicing LLC on or about July 24, 2013, by which time Robert McVoy had passed away.   (ECF No. 1 at ¶¶ 191, 193; ECF No. 20-3, Exhibit C).   At some point thereafter, Sydney McVoy defaulted on this mortgage.

On or about April 17, 2015, Green Tree initiated in state court a quiet title action concerning the property in question.   (ECF No. 1 at ¶ 198).   Specifically, Green Tree requested, in part, that the court find that Green Tree's interest in the property, by way of the aforementioned mortgage, was superior to any other interest asserted in the property.   (ECF No. 33-9 at PageID.359-72).   The Honorable George S. Buth, Kent County Circuit Court Judge, ultimately determined that Green Tree's interest in the property "is a first priority mortgage interest superior to" the interests of Michelle M. Kettlewell and Sydney McVoy.   (ECF No. 20-4, Exhibit D; ECF No. 33-10 at PageID.373-75).   Green Tree subsequently initiated foreclosure proceedings and the property in question was sold at auction on October 19, 2016.   (ECF No. 20-6, Exhibit F).   Neither Sydney McVoy nor Michelle Kettlewell redeemed the property by the conclusion of the statutory redemption period which expired on April 19, 2017.

On May 16, 2017, Sydney McVoy and Michelle Kettlewell, representing themselves, initiated the present action against (1) Deutsche Bank National Trust Company; (2) Countrywide Home Loans, Inc.; (3) Countrywide Bank, F.S.B.; (4) Bank of America, N.A.; (5) MERS, Inc.; (6)

---

[1] While not entirely clear, it appears this particular loan and mortgage constituted a refinancing of one or both of the prior two loans and mortgages.   (ECF No. 1 at ¶ 189; ECF No. 33-7 at PageID.339-40).

Rick Murray; and (7) an unknown number of John Does. (ECF No. 1). In their complaint, Plaintiffs advance eighteen (18) causes of action alleging that Defendants violated their rights under the Truth in Lending Act (TILA); Racketeer Influenced and Corrupt Organizations Act (RICO); Real Estate Settlement Procedures Act (RESPA); and the Fair Debt Collection Practices Act (FDCPA). Plaintiffs also assert numerous claims under Michigan law. Service has not been effected on Deutsche Bank National Trust Company or the John Doe defendants. Defendants Countrywide Home Loans, Countrywide Bank, Bank of America, MERS, Inc., and Rick Murray now move to dismiss Plaintiff's complaint on the ground that Plaintiff's allegations fail to state a claim on which relief may be granted.

## **LEGAL STANDARD**

A Rule 12(b)(6) motion to dismiss for failure to state a claim on which relief may be granted tests the legal sufficiency of a complaint by evaluating the assertions therein in a light most favorable to Plaintiff to determine whether such states a valid claim for relief. *See In re NM Holdings Co., LLC*, 622 F.3d 613, 618 (6th Cir. 2000).

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). As the Supreme Court more recently held, to survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." If the complaint simply

pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"   *Id.*   As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . .Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.   Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . .Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the wellpleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

*Id.* at 678-79 (internal citations omitted).

When resolving a motion to dismiss pursuant to Rule 12(b)(6), the Court may consider the complaint and any exhibits attached thereto, public records, items appearing in the record of the case, and exhibits attached to the defendant's motion to dismiss provided such are referenced in the complaint and central to the claims therein.   *See Bassett v. National Collegiate Athletic Assoc.*, 528 F.3d 426, 430 (6th Cir. 2008); *see also*, *Continental Identification Products, Inc. v. EnterMarket, Corp.*, 2008 WL 51610 at *1, n.1 (W.D. Mich., Jan. 2, 2008) ("an exhibit to a pleading is considered part of the pleading" and "the Court may properly consider the exhibits. . .in determining whether the complaint fail[s] to state a claim upon which relief may be granted without converting the motion to a Rule 56 motion"); *Stringfield v. Graham*, 212 Fed. Appx. 530, 535 (6th Cir. 2007) (documents "attached to and cited by" the complaint are "considered parts thereof under Federal Rule of Civil Procedure 10(c)").

## ANALYSIS

**I.        Truth in Lending Act (TILA)**

The federal Truth in Lending Act (TILA) seeks to "assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing and credit card practices." *MacDermid v. Discover Financial Services*, 488 F.3d 721, 733 (6th Cir. 2007) (quoting 15 U.S.C. § 1601(a)). Liability under TILA "arises when a creditor fails to make the required disclosures before consummation of the transaction." *United States v. Petroff-Kline*, 557 F.3d 285, 296 (6th Cir. 2009). While TILA was "designed in large part to protect consumers from unscrupulous creditors and inaccurate and unfair billing and credit card practices," it "was not created, however, with the primary purpose of protecting the consumer from himself." *Streit v. Fireside Chrysler-Plymouth, Inc.*, 697 F.2d 193, 197 (7th Cir. 1983).

Plaintiffs allege that the TILA disclosure forms they were provided at closing were "neither complete, nor accurate, nor truthful." (ECF No. 1 at ¶ 226). Specifically, Plaintiffs allege that the TILA statement they were provided failed to accurately indicate the interest rate applicable to the subject loans. (ECF No. 1 at ¶ 247). As Defendants' argue, however, Plaintiffs' TILA claims are untimely. TILA provides that "any action under this section may be brought. . .within one year from the date of the occurrence of the violation." *Borg v. Chase Manhattan Bank USA, N.A.*, 247 Fed. Appx. 627 (6th Cir., July 19, 2007) (quoting 15 U.S.C. § 1640(e)). Plaintiffs' TILA claims, asserted more than seven (7) years after the loans in question were executed, are untimely.

The TILA statute of limitations is subject to equitable tolling where fraudulent concealment is alleged. *See Yaldu v. Bank of America Corp.*, 700 F.Supp.2d 832, 840 (E.D. Mich.

2010).  In such cases, the one year period of limitation "will begin to run when the borrower discovers or had reasonable opportunity to discover the fraud involving the complained of TILA violation." *Ibid.*  To establish entitlement to equitable tolling, however, Plaintiffs must "allege and establish" the following: (1) Defendants concealed the conduct that constitutes the cause of action; (2) Defendants' concealment prevented Plaintiffs from discovering the cause of action within the limitations period; and (3) until discovery, Plaintiffs exercised due diligence in trying to find out about the cause of action. *Id.* at 840-41.  Moreover, "the acts constituting fraudulent concealment" must be "pleaded with particularity" in the complaint.

Plaintiffs have failed, in both their complaint and response to the present motions, to allege or establish the factors necessary to obtain the benefit of equitable tolling.  Accordingly, the undersigned recommends that Plaintiffs' TILA claims against Defendants Countrywide Home Loans, Countrywide Bank, Bank of America, MERS, Inc., and Rick Murray be dismissed on the ground that such were not timely asserted.

**II.        Racketeer Influenced and Corrupt Organizations Act (RICO)**

To state a civil RICO claim, Plaintiffs must establish the following: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity.  *See Moon v. Harrison Piping Supply*, 465 F.3d 719, 723 (6th Cir. 2006).  RICO claims are subject to a four year statute of limitations, which begins to run when Plaintiffs "knew, or through exercise of reasonable diligence should have discovered, that [they were] injured by a RICO violation."  *Fremont Reorganizing Corp. v. Duke*, 811 F.Supp.2d 1323, 1340 (E.D. Mich. 2011) (citations omitted).

With respect to their RICO claims, Plaintiffs' complaint is comprised almost exclusively of legal conclusions rather than specific factual allegations of wrongdoing.  To the extent

Plaintiffs do advance specific factual allegations, however, such are insufficient to state a claim. Plaintiffs allege that Defendants engaged in mortgage fraud and unlawful foreclosure, neither of which are considered predicate acts sufficient to implicate RICO.  *See, e.g., Otworth v. Budnik*, 594 Fed. Appx. 859, 862 (6th Cir., Nov. 21, 2014) ("theft, unlawful threat of foreclosure, and mortgage fraud are not recognized as predicate acts under RICO, and can be dismissed immediately").  Plaintiffs' RICO claims are also untimely, having been filed more than seven (7) years after the conduct giving rise to this action.  Accordingly, the undersigned recommends that Plaintiffs' RICO claims against Defendants Countrywide Home Loans, Countrywide Bank, Bank of America, MERS, Inc., and Rick Murray be dismissed on the ground that such fail to state a claim and, in the alternative, were not timely asserted.

### III.   Real Estate Settlement Procedures Act (RESPA)

Pursuant to RESPA, it is unlawful to give or receive "any portion, split, or percentage of any charge made or received for the rendering of a real estate settlement service in connection with a transaction involving a federally related mortgage loan other than for services actually performed." *See McHugh v. U.S. Bank National Assoc. ND*, 2011 WL 6101942 at *2 (E.D. Mich., Dec. 7, 2011) (quoting 12 U.S.C. § 2607(b)).   Plaintiffs assert that Defendants violated RESPA through payment of unlawful "kickbacks" and "referral fees."

The statute of limitations for RESPA claims under § 2607 is one year, measured from the "occurrence of the violation."  *See Golliday v. First Direct Mortgage Co., Inc.*, 2009 WL 5216141 at *6 (W.D. Mich., Dec. 29, 2009) (quoting 12 U.S.C. § 2614)).   Plaintiffs asserted their RESPA claims more than seven (7) years after the loan transactions giving rise to this action.  Plaintiffs' RESPA claims are, therefore, untimely.

Plaintiffs are likewise not entitled to equitable tolling of the relevant statute of limitations. As courts recognize, the Sixth Circuit has "not yet ruled on the question of whether the RESPA statute of limitations is subject to equitable tolling." *Egerer v. Woodland Realty, Inc.*, 556 F.3d 415, 424 (6th Cir. 2009); *see also*, *Kanouno v. SunTrust Mortgage, Inc.*, 2011 WL 5984023 at *9 (E.D. Mich., Nov. 30, 2011). However, even if the Court assumes that the RESPA statute of limitations is subject to equitable tolling, Plaintiffs have failed to demonstrate entitlement thereto.

When considering, generally, whether to toll a statute of limitations, the Court considers the following factors: (1) lack of notice of the filing requirement; (2) lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendants; and (5) plaintiff's reasonableness in remaining ignorant of the particular legal requirement. *See Kanouno*, 2011 WL 5984023 at *9 (citing *Truitt v. County of Wayne*, 148 F.3d 644, 648 (6th Cir. 1998)). Plaintiffs have failed to establish that they acted diligently in this matter or that they were unaware of the relevant statute of limitations. Accordingly, the undersigned recommends that Plaintiffs' RESPA claims against Defendants Countrywide Home Loans, Countrywide Bank, Bank of America, MERS, Inc., and Rick Murray be dismissed on the ground that such are untimely.

## IV. Fair Debt Collection Practices Act (FDCPA)

Plaintiffs allege that Defendants used "false, deceptive, or misleading representations in the course of repeatedly attempting to collect a debt allegedly owed by plaintiffs." Plaintiffs further allege that Defendants employed "unfair or unconscionable means" to collect a debt which they "refused to properly validate."

The FDCPA applies only to "debt collectors," defined as "any person who uses any instrumentality of interstate commerce or the mails in any business the principle purpose of which is

the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). The definition of "debt collector," under the FDCPA, however, "does not include the consumer's creditors." *Montgomery v. Huntington Bank*, 346 F.3d 693, 698 (6th Cir. 2003). A "bank that is a creditor is not a debt collector for the purposes of the FDCPA and creditors are not subject to the FDCPA when collecting their accounts." *Id.* at 699.

Plaintiffs' allegations do not establish that any of the Defendants are "debt collectors" under the FDCPA. At most, Plaintiffs have alleged that Defendants were attempting to collect their own accounts. Accordingly, the undersigned recommends that Plaintiffs' FDCPA claims against Defendants Countrywide Home Loans, Countrywide Bank, Bank of America, MERS, Inc., and Rick Murray be dismissed on the ground that such fail to state a claim.

**V.        Michigan Law Claims**

Pursuant to 28 U.S.C. § 1367(c)(3), the district court may decline to exercise supplemental jurisdiction over a state law claim if it "has dismissed all claims over which it has original jurisdiction." Indeed, "if the federal claims are dismissed before trial. . .the state claims should be dismissed as well." *Taylor v. First of America Bank - Wayne*, 973 F.2d 1284, 1287 (6th Cir. 1992) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)); *see also*, *Brooks v. Rothe*, 577 F.3d 701, 709 (6th Cir. 2009) (same). Accordingly, the undersigned recommends that the Court decline to exercise jurisdiction over Plaintiffs' numerous state law claims and instead dismiss such without prejudice so that Plaintiffs may pursue them in the appropriate state forum.

## VI. Unserved Defendants

Federal Rule of Civil Procedure 4(c) indicates that "[a] summons must be served together with a copy of the complaint." The time frame within which service must be effected is articulated in Rule 4(m), which provides that if service of the summons and complaint is not made upon a defendant within 90 days after the filing of the complaint, "the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time." If the plaintiff demonstrates good cause for such failure, however, the court "must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

Plaintiffs initiated this action on May 16, 2017. On May 22, 2017, summonses were prepared and delivered to the United States Marshal for service. The summons issued to Deutsche Bank was returned unexecuted on June 29, 2017. Plaintiffs have not requested additional time to effect service on Deutsche Bank. Summonses could not be prepared for the John Doe defendants because neither their name nor location has been supplied. Plaintiffs have not requested additional time to identify and effect service on these individuals. Considering Plaintiffs' lack of diligence, the undersigned recommends that Plaintiffs' claims against Deutsche Bank and the John Doe defendants be dismissed without prejudice for failure to timely effect service.

## **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that <u>Defendants' Motion to Dismiss</u>, (ECF No. 19), be **granted**; <u>Defendants' Motion to Dismiss</u>, (ECF No. 22), be **granted**; Plaintiffs' claims against Deutsche Bank and the John Doe defendants be **dismissed without**

**prejudice for failure to timely effect service**; the Court **dismiss Plaintiff's state law claims without prejudice**; and this action be **terminated**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Dated:   February 1, 2018

 /s/ Ellen S. Carmody
ELLEN S. CARMODY
U.S. Magistrate Judge