UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SYDNEY MCVOY and MICHELLE
KETTLEWELL,

    Plaintiffs,                                         Case No. 1:17-cv-447

v.                                                   HON. JANET T. NEFF

DEUTSCHE BANK NATIONAL TRUST
COMPANY, et al.,

    Defendants.
_____/

## OPINION AND ORDER

Plaintiffs, proceeding pro se, filed this action against seven named Defendants and an unknown number of "John Does," alleging sixteen federal and state-law causes of action arising from the foreclosure of certain real property. Plaintiffs did not effect service on Deutsche Bank National Trust Company or the John Doe defendants. The remaining five Defendants—Countrywide Home Loans; Countrywide Bank, F.S.B.; Bank of America, N.A.; Rick Murray; Green Tree Servicing, L.L.C.; and MERS, Inc.—filed motions to dismiss Plaintiffs' Complaint on the ground that Plaintiffs' allegations fail to state any claim on which relief may be granted (ECF Nos. 19 & 22). The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R), recommending that this Court grant Defendants' motions, dismiss without prejudice Plaintiffs' claims against Deutsche Bank National Trust Company and the John Doe defendants, dismiss with prejudice Plaintiffs' state-law claims, and terminate this action. The matter is presently before the Court on Plaintiffs' objections to the Report and Recommendation,

to which Defendants filed responses.  In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made.  The Court denies the objections and issues this Opinion and Order.

Plaintiffs object to the Magistrate Judge's analyses of their claims under the federal Truth in Lending Act (TILA), 15 U.S.C. § 1601 *et seq.*; the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961–1968; the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. § 2601 *et seq.*; and the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.*  The Court will consider each objection in turn.

**TILA.**  Plaintiffs seek money damages arising from alleged TILA violations associated with the disclosure statements issued in conjunction with their 2007 and 2009 mortgages (Compl. ¶ 121, ECF No. 1 at PageID.16; *id.* ¶¶ 276-78, PageID.34-35).  An action for damages under the TILA may be brought "within one year from the date of the occurrence of the violation."  15 U.S.C. § 1640(e).  The Magistrate Judge determined that Plaintiffs' TILA claims, asserted more than seven years after the loans in question were executed, are untimely and that Plaintiffs did not allege—let alone establish—the factors necessary to obtain the benefit of equitable tolling (R&R, ECF No. 36 at PageID.398-399).

Relying on *Jesinoski v. Countrywide Home Loans, Inc.*, __ U.S. ___; 135 S. Ct. 790 (2015), Plaintiffs argue that the "the time has yet to begin to run" because "Defendants have failed to place evidentiary documentation on the record that the 'loan' was ever funded" (Pls. Objs., ECF No. 39 at PageID.410).  Plaintiffs opine that "the date of consummation would be when the loan was funded" (*id.*).

Plaintiffs' argument lacks merit.

In *Jesinoski*, 135 S. Ct. at 792, the Supreme Court held that the TILA requires only written notice, and not the filing of an actual lawsuit, within the three-year period for exercising the right of rescission. *Forgues v. Select Portfolio Servicing, Inc.*, 690 F. App'x 896, 902 (6th Cir. 2017); *see also* 15 U.S.C. § 1635(f) (providing that "[a]n obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first…"). Plaintiffs have not alleged they gave a notice of rescission, so their reliance on *Jesinoski* is misplaced.

Moreover, the premise for Plaintiffs' argument is misplaced. "[C]onsummation" occurs "when a borrower signs the loan documents and becomes obligated to pay," as the federal regulations governing the TILA confirm, *see* 12 C.F.R. § 226.2(a)(13). *Chapman v. JPMorgan Chase Bank, N.A.*, 651 F. App'x 508, 512-13 (6th Cir. 2016) (holding that *Jesinoski* does not exempt borrowers from exercising their rights within the statutory time frame). As Defendants point out in response to Plaintiffs' objection (ECF No. 41 at PageID.417; ECF No. 43 at PageID.426), Plaintiffs admitted in their Complaint that the loan transactions were completed and the mortgages recorded (Compl. ¶¶ 184, 215; ECF No. 1 at PageID.23, 25). In short, Plaintiffs' objection demonstrates no error by the Magistrate Judge in her analysis of Plaintiffs' TILA claims, and the objection is therefore properly denied.

**RICO.** Turning next to Plaintiffs' claims under RICO, the Magistrate Judge determined that (1) Plaintiffs' allegations of mortgage fraud and unlawful foreclosure are not considered predicate acts sufficient to implicate the Act, and (2) Plaintiff's claims were untimely filed more than seven years after the conduct giving rise to this action (R&R, ECF No. 36 at PageID.400).

In their objection, Plaintiffs argue that their RICO claims against Defendants are "easily established" based on the "Fines, Actions and Settlements involving Bank of America" and the

"rap sheets" for Deutsche Bank and Countrywide, which Plaintiffs opine are "just as bad" (Pls. Objs., ECF No. 39 at PageID.410-411).

Plaintiffs' argument lacks merit.

"A motion to dismiss for failure to state a claim is a test of the plaintiff's cause of action as stated in the complaint." *Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008) (citation omitted). Consequently, Plaintiffs' reliance on matters outside the record is misplaced. Further, Plaintiffs do not address the Magistrate Judge's alternative conclusion that their RICO claims, even if plausible, are untimely. Plaintiffs' objection is properly denied.

***RESPA.*** The Magistrate Judge determined that (1) Plaintiffs' claims under RESPA are untimely, and (2) Plaintiffs are not entitled to equitable tolling, even if such is available under the Act (R&R, ECF No. 36 at PageID.400-401).

In their objection, Plaintiffs assert that it took them "years" to "figure out what Defendants had done to them" and opine that it is "blatantly unfair to penalize Plaintiffs" (Pls. Objs., ECF No. 39 at PageID.411).

While Plaintiffs' objection demonstrates their general dissatisfaction with the recommended result, Plaintiffs do not reference, let alone demonstrate error in, the Magistrate Judge's RESPA analysis. *See* W.D. Mich. LCivR 72.3(b) (requiring an objecting party to "specifically identify the portions of the … recommendations or report to which objections are made and the basis for such objections"). Plaintiffs' objection is therefore properly denied.

***FDCPA.*** Last, the Magistrate Judge determined that Plaintiffs' claims under the FDCPA are properly dismissed where Plaintiffs' allegations do not establish that any of the Defendants are "debt collectors" under the FDCPA (R&R, ECF No. 36 at PageID.400). The Magistrate Judge

determined that "[a]t most, Plaintiffs have alleged that Defendants were attempting to collect their own accounts" (*id.*).

In their objection, Plaintiffs emphasize that Defendants are "creditors," and Plaintiffs opine that "[i]t is incredulous and insulting that the Magistrate would pretend ignorance as to the difference between a 'creditor' and a 'debt collector'" (Pls. Objs., ECF No. 39 at PageID.412).

Plaintiffs' argument lacks merit.

Again, "[a] motion to dismiss for failure to state a claim is a test of the plaintiff's cause of action as stated in the complaint." *Lambert*, 517 F.3d at 439. Plaintiffs' objection does not identify any error in the Magistrate Judge's determination that the allegations in their Complaint do not establish that any of the Defendants are "debt collectors" under the FDCPA. Plaintiffs' objection is therefore properly denied.

In sum, Plaintiffs proffer no argument that would warrant rejecting the Magistrate Judge's ultimate conclusion that Plaintiffs failed to state any plausible federal cause of action. Accordingly, the Court will adopt the Magistrate Judge's Report and Recommendation as the Opinion of this Court, including the Magistrate Judge's recommendation to decline to exercise supplemental jurisdiction over Plaintiffs' state-law claims. *See* 28 U.S.C. § 1367(c)(3); *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966); *Gamel v. City of Cincinnati*, 625 F.3d 949, 952 (6th Cir. 2010) ("When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims...." *Gamel v. City of Cincinnati*, 625 F.3d 949, 952 (6th Cir. 2010)). Because this Opinion and Order resolves all pending claims, a Judgment will also be entered. *See* FED. R. CIV. P. 58. Because this action was filed *in forma pauperis*, this Court also certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of the Judgment would not

be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997), overruled on other grounds by *Jones v. Bock*, 549 U.S. 199, 206, 211-12 (2007). Therefore:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 39) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 36) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiffs' claims against Deutsche Bank National Trust Company and the John Doe defendants are DISMISSED WITH PREJUDICE for failure to timely effect service.

**IT IS FURTHER ORDERED** that Defendants' motions to dismiss (ECF Nos. 19 & 22) are GRANTED for the reasons stated in the Report and Recommendation.

**IT IS FURTHER ORDERED**, pursuant to 28 U.S.C. § 1367(c)(3), that this Court declines to exercise supplemental jurisdiction over Plaintiffs' remaining state-law claims, and the state-law claims are DISMISSED WITHOUT PREJUDICE.

**IT IS FURTHER ORDERED** that this Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of the Judgment would not be taken in good faith.

Dated: March 27, 2018 /s/ Janet T. Neff
JANET T. NEFF
United States District Judge